FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 23 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LENNOX JOHNSON,

                           Petitioner,

      -against-

ALFRED RAMOS, WARDEN OF ASPC
ALHAMBRA,

                           Respondent.

-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-cv-1795 (ENV)

**VITALIANO, D.J.**

      Petitioner Lennox Johnson is before the Court on his petition for a writ of habeas corpus ad prosequendum, seeking an order that he be released from the custody of a state prison in Phoenix, Arizona so that he might be transferred to the custody of authorities in New York and prosecuted on criminal charges pending against him in Kings County. The unusual request is said to be prompted by Johnson's desire to protect his aunt and uncle, who posted a surety bond to procure his release from pretrial detention in New York. He fears they will lose that bond due to his present inability to attend required court proceedings in Brooklyn. The petition is silent as to what, if any, contacts Johnson has had through his counsel with the Kings County District Attorney, who, ordinarily, would be even more interested than Johnson in arranging for his return to face prosecution.[1]

      In any event, the writ of habeas corpus ad prosequendum is authorized by 28 U.S.C. § 2241(c)(5), which provides that habeas review may be sought when "[i]t is necessary to bring [a prisoner] into court to

---

1 It is not even clear whether Johnson consented to the petition's filing. The attorney filing the petition stated, "I am making a limited appearance on behalf of [Johnson], at the behest of his sureties, [Johnson's aunt and uncle]."

testify or for trial." But, only a court in the "district of confinement" has jurisdiction over a § 2241 petition. See Allen v. Lindsay, 09-cv-1283, 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010); see also Ortiz-Alvear v. Lappin, 08-cv-268, 2008 WL 2242559, at *2 (E.D.N.Y. May 29, 2008); accord Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Since Johnson is currently incarcerated in Phoenix, Arizona, the proper venue for his petition is the District of Arizona.

A § 2241 petition filed in a district court without jurisdiction can be dismissed or, if in the interest of justice, transferred to the proper district. See Allen, 09-cv-1283, 2010 WL 5067907, at *4; Ortiz-Alvear, 08-cv-268, 2008 WL 2242559, at *3; see also 28 U.S.C. § 1406(a). Given the highly unusual motivation claimed here, the Court is unable to conclude the interest of justice would be served by transfer. Accordingly, the petition is dismissed without prejudice to its refilling in a court of competent jurisdiction.

The Clerk is directed to close this docket.

SO ORDERED.

Brooklyn, New York
May 22, 2012

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge